UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br>     v.<br><br>JOHN E. KNAPP, et al.,<br><br>                    Defendants. | CASE NO. C22-0462JLR<br><br>ORDER GRANTING MOTION FOR ALTERNATIVE SERVICE |

## I.   INTRODUCTION

Before the court is Plaintiff the United States of America's ("the Government") unopposed motion for leave to serve Defendant Nicolle Scalise by publication or, in the alternative, for leave to conduct discovery regarding the whereabouts of Ms. Scalise. (Mot. (Dkt. # 26).)  The court has reviewed the motion, the materials filed in support of the motion, the balance of the record, and the governing law.  Being fully advised, the court GRANTS the Government's motion for leave to serve Ms. Scalise by publication.

ORDER - 1

| | |
|---|---|
| 1 | **II.   BACKGROUND** |
| 2 | The Government filed this action on April 7, 2022, seeking to "(1) reduce to |
| 3 | judgment outstanding federal tax liabilities assessed [against Defendants] John Knapp, |
| 4 | Nicolle Scalise, and Evergreen Installation LLC and (2) foreclose the federal tax liens on |
| 5 | real property located in Carnation, Washington." (6/24/22 Mot. (Dkt. # 17) at 2 (citing |
| 6 | Compl. (Dkt. # 1)).) Thus, under Federal Rule of Civil Procedure 4(m), the deadline for |
| 7 | service of all Defendants was originally July 6, 2022, or 90 days after the date the |
| 8 | complaint was filed. *See* Fed. R. Civ. P. 4(m). The Government served all of the |
| 9 | Defendants except Ms. Scalise before that deadline. (*See* Affs. of Service (Dkt. ## 4-6, 9, |
| 10 | 15, 22-23).) |
| 11 | On July 1, 2022, the court granted the Government's motion for a 45-day |
| 12 | extension of time to serve Ms. Scalise in light of the efforts the Government had made to |
| 13 | serve Ms. Scalise before that date and its representations regarding the additional efforts |
| 14 | it would make to locate and serve her. (7/1/22 Order (Dkt. # 22).) Despite that |
| 15 | extension, the Government has yet to locate Ms. Scalise. (8/19/22 Koven Decl. (Dkt. |
| 16 | # 27) ¶ 17.) Indeed, despite making numerous attempts between April and August 2022 |
| 17 | to locate Ms. Scalise, notify her of this action, and serve her, the Government has not yet |
| 18 | succeeded in determining Ms. Scalise's current address or in effecting service. (*See id.* |
| 19 | ¶¶ 2-18.) Accordingly, the court granted the Government's motion for a further 60-day |
| 20 | extension of the deadline to serve Ms. Scalise. (8/19/22 Order (Dkt. # 28).) The |
| 21 | Government now seeks an order authorizing it to either (1) serve Ms. Scalise by |
| 22 | publication pursuant to Federal Rule of Civil Procedure 4(e)(1) and RCW 4.28.110 or |

(2) conduct limited discovery regarding the whereabouts of Ms. Scalise, to include "written discovery and/or subpoenas to no more than three individuals who may have knowledge of Ms. Scalise's home address or work location." (Mot. at 6; *see generally id.*)

### III.   ANALYSIS

Federal Rule of Civil Procedure 4(e)(1) authorizes litigants in federal court to effect service of a summons and complaint in any manner provided by the law of the state in which the court sits.  Fed. R. Civ. P 4(e)(1).  Under Washington law, "[s]ubstitute service by mail or constructive service by publication is permissible when the plaintiff sets forth the following facts:  (1) that the defendant could not be found in Washington after a diligent search, (2) that the defendant was a resident of Washington, and (3) that the defendant had either left the state or concealed himself within it, with intent to defraud creditors or avoid service of process." *Pascua v. Heil*, 108 P.3d 1253, 1257 (Wash. Ct. App. 2005); *see also* RCW 4.28.100 (authorizing service by publication under certain circumstances where the plaintiff believes that the defendant cannot be found within the state and has mailed a copy of the summons and complaint to the defendant at his or her residence); RCW 4.28.110 (setting forth the requirements for service by publication).

The court concludes that the Government has established these requirements.  The court is satisfied that Ms. Scalise was a resident of Washington; that the Government has conducted a diligent search for Ms. Scalise's current address; and that the Government and has attempted repeatedly to contact Ms. Scalise via email and U.S. Mail, by

telephone, and through her ex-husband, son, and neighbors. (*See* 8/19/22 Koven Decl. ¶¶ 2, 4, 10-17.) Despite these extensive efforts, the Government has been unable to determine Ms. Scalise's address and Ms. Scalise has not responded in any way to the Government's multiple attempts to contact her. (*See id.*) The court agrees with the Government that, based on these facts, it appears to be more likely than not that Ms. Scalise is attempting to avoid service of process. Because the Government has satisfied the requirements for service by publication under Washington law, the court concludes that alternative service by publication is appropriate under Rule 4(e)(1) and RCW 4.28.100. Therefore, the court GRANTS the Government's motion for leave to affect alternative service on Ms. Scalise by publication.

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS the Government's motion for leave to serve Ms. Scalise by publication (Dkt. # 26).

Dated this 19th day of August, 2022.

JAMES L. ROBART
United States District Judge