DAVID A. HUBBERT
Deputy Assistant Attorney General

CASSONDRA L. KOVEN
Washington DC Bar
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-514-6632 (v)
202-307-0054 (f)
Cassondra.L.Koven@usdoj.gov
*Attorney for the United States of America*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Case No. 2:22-cv-462 |
| v. | ) **ORDER OF SALE** |
| JOHN E. KNAPP, EVERGREEN INSTALLATION LLC, NICOLLE M. SCALISE, KING COUNTY, CENTEX HOME EQUITY COMPANY, LLC, SAKAGUCHI, FELLBECK & REESE PLLC, WASHINGTON STATE, SPECIALIZED LOAN SERVICING LLC, and CITY OF CARNATION, | ) |
| Defendants. | ) |

ORDER OF SALE  1

U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-514-6632

The Court entered final judgment in the above-entitled action ordering that the United States' federal tax liens against Defendant John E. Knapp be foreclosed and that the Subject Property, described below, be sold pursuant to 28 U.S.C. § 2001. Dkt. 47.

The Subject Property is located at 4906 328th Ave. NE Carnation, Washington 98014 (Parcel Number 117000-0460-05). The legal description of the Subject Property is as follows:

> LOT 46 AND AN UNDIVIDED INTEREST IN LOT 42, BRUMBAUGH'S DIVISION NO. 1, ACCORDING TO THE PLAT THEREOF RECORDED IN VOLUME 89 OF PLATS, PAGE 34, RECORDS OF KING COUNTY, WASHINGTON, SITUATE IN THE COUNTY OF KING, STATE OF WASHINGTON.

Accordingly, it is ORDERED as follows:

1. The United States Marshal for the Western District of Washington or an Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS") is authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale the Subject Property. The United States may choose either the United States Marshal or a PALS to carry out the sale under this Order.

2. The Marshal or PALS is authorized to have free access to the Subject Property and to take all actions necessary to preserve the Subject Property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the Subject Property, until deed(s) to the Subject Property are delivered to the ultimate purchaser(s).

3. The terms and conditions of the sales are as follows:
    a. the sale of the Subject Property shall be free and clear of all interests, including the interests of: the United States, John E. Knapp, Evergreen Installation LLC, Nicolle M. Scalise, Specialized Loan Servicing LLC, and King County;

b. the sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Subject Property, and easements and restrictions of record, if any;

c. the sale shall be held at the courthouse of the county or city in which the Subject Property is located, on the premises of the Subject Property, or at any other place in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002;

d. the date and time for the sale are to be announced by the United States Marshal or the PALS;

e. a notice of sale shall be published once a week for at least four consecutive weeks before the sale, in at least one newspaper regularly issued and of general circulation in King County, and, at the discretion of the Marshal or the PALS, by any other notice deemed appropriate. The notice shall contain a description of the Subject Property and shall contain the terms and conditions of sale in this order of sale;

f. The minimum bids for the sale will be set by the Internal Revenue Service. If the minimum bid for the Subject Property is not met or exceeded, the Marshal or the PALS may, without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and reduce the minimum bid or sell to the second highest bidder;

g. the successful bidder(s) at the sale shall be required to deposit at the time of the sale with the Marshal or the PALS a minimum of ten percent of the bid for the applicable property, with the deposit to be made by certified or cashier's check payable to the United States District Court for the Western District of

Washington. Before being permitted to bid at the sale, bidders shall display to the Marshal or the PALS proof that they are able to comply with this requirement. No bids will be received from any person(s) who have not presented proof that, if they are the successful bidders(s), they can make the deposit required by this order of sale;

h. the balance of the purchase price for the Subject Property is to be paid to the United States Marshall or a PALS (whichever person is conducting the sale) within 30 days after the date the bid is accepted, by a certified or cashier's check payable to the "U.S. District Court for the Western District of Washington." If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, including commissions due under 28 U.S.C. § 1921(c), with any amount remaining to be applied to the income tax liabilities of the Waterers at issue herein. The Subject Property shall be again offered for sale under the terms and conditions of this order of sale. The United States may bid as a creditor against its judgment without tender of cash;

i. the sale of the Subject Property shall be subject to confirmation by this Court. The Marshal or a PALS shall file a report of sale with the Court for the Subject Property, together with a proposed order of confirmation of sale, within 20 days from the date of receipt of the balance of the purchase price;

j. on confirmation of the sale, the Marshal or PALS shall execute and deliver deed(s) of judicial sale conveying the appropriate parcel(s) of the Subject Property to the purchaser(s);

k. on confirmation of the sale, all interests in, liens against, or claims to, the Subject

Property that are held or asserted by all parties to this action are discharged and extinguished;

l. on confirmation of the sale, the recorder of deeds for King County, Washington, shall cause transfer of the Subject Property to be reflected upon that county's register of title; and

m. the sale is ordered pursuant to 28 U.S.C. § 2001 and is made without right of redemption.

4. Until the Subject Property is sold, John E. Knapp shall take all reasonable steps necessary to preserve the property (including all buildings, improvements, fixtures and appurtenances on the property) in its current condition including, without limitation, maintaining a fire and casualty insurance policy on the property. Mr. Knapp shall neither commit waste against the Subject Property nor cause or permit anyone else to do so. Mr. Knapp shall neither do anything that tends to reduce the value or marketability of the Subject Property nor cause or permit anyone else to do so. Mr. Knapp shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to adversely affect the value of the Subject Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so. Violation of this paragraph will constitute, and be punishable as, contempt of Court.

5. All persons occupying any of the Subject Property shall vacate the Subject Property permanently within 30 days of the date of this Order, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the property). If any person fails or refuses to vacate the Subject Property by the time specified in

this Order, the United States, including the PALS and the United States Marshals Service, is authorized to take whatever action it deems appropriate to remove such person from the premises, whether or not the sale of such property is being conducted by a PALS. If any person fails or refuses to remove his or her personal property from the Subject Property by the time specified herein, the personal property remaining on the property thereafter is deemed forfeited and abandoned, and the United States is authorized to remove it and to dispose of it in any manner it deems appropriate, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale and the balance to be paid to the Clerk of this Court for further distribution.

6. Upon receiving an offer for the Subject Property, the United States will file a Motion to Confirm Sale with this Court, detailing where to send payment of the proceeds and in what amount, in the order of priority described below.

7. In conformity with the agreement of relative priority between the parties, Dkt. 45, the proceeds arising from the sale of the Subject Property are to be paid to the Clerk of this Court and applied as far as they shall be sufficient to the following items, in the order specified:

   i. first to the United States Marshal or the PALS (whichever conducted the sale as arranged by the United States) for the costs of the sale, including any expense of maintaining the Subject Property prior to sale;

   ii. second to King County for any real property tax and/or special assessment liens that are entitled to priority over prior security interests under Washington law and pursuant to 26 U.S.C. § 6323(b)(6), if any exist, and such amount will be pro-rated through the date of the sale confirmation;

   iii. third to the Specialized Loan Servicing LLC for its lien described in paragraph 13

of Dkt. 45, in an amount according to proof at that time;

 iv. Fourth, to the United States to satisfy the federal tax liens described in paragraphs 6 and 7 of Dkt. 45, in an amount according to proof at that time; and

 v. finally, if any proceeds remain, to John E. Knapp.

Any balance remaining after the above payments shall be held by the Clerk until further order of the Court.

IT IS SO ORDERED.

Dated this 28th day of August, 2024.

JAMES L. ROBART
UNITED STATES DISTRICT COURT JUDGE